UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DEBRA CRIBB-HUTCHINSON,
        Plaintiff,

v.                                          Case No. 4:10-cv-00396-RH-WCS

FLORIDA BLOOD SERVICES, INC.
d/b/a SOUTHEASTERN COMMUNITY
BLOOD CENTER,

        Defendant.
_____/

## ANSWER AND DEFENSES TO COMPLAINT

Defendant, Florida Blood Services, Inc. (hereinafter referred to as "FBS"), for its Answer and Defenses states as follows:

1.    Admit that Plaintiff purports to bring the claims alleged, but deny that Plaintiff met the prerequisites for filing a claim under §760, Fla. Stat. for gender discrimination, or a claim under 42 U.S.C. §2000(e) et seq.

2.    Denied.

3.    Admit that Plaintiff has been a resident of the State of Florida, was employed by FBS at one time, and is female; otherwise denied, including any allegation that Plaintiff suffered discrimination or was a victim of retaliation.

4.    Admitted.

5.    FBS admits that Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations and sought to dual file the same; but denies that Plaintiff

1

satisfied all conditions precedent to bringing this action; the remainder of the allegations are denied.

    6.    FBS is without knowledge sufficient to admit or deny as to how long Plaintiff worked as a phlebotomist. FBS admits Plaintiff had a commercial drivers license, was hired by Southeastern Community Blood Center on December 4, 2006, became eligible to serve as a mobile Charge in April of 2009 and was supervised by James W. Spooner. Admit also that Mr. Stiles requested that Plaintiff put any concerns she had about work in writing so that he could promptly investigate. All other allegations of this paragraph are denied including but not limited to the allegation that Plaintiff was demoted or retaliated against.

    7.    Without information sufficient to admit or deny the specifics of Plaintiff's arrangements with her legal counsel; otherwise denied.

## COUNT I – GENDER DISCRIMINATION

    8.    FBS' answers and responses to paragraphs 1 – 7 are re-alleged and incorporated herein by reference.

    9.    FBS admits that Plaintiff purports to bring a claim for gender discrimination but denies the claim in its entirety.

    10.    Denied.

    11.    Denied.

    12.    Denied.

    13.    Denied.

    14.    Denied.

    15.    Denied.

    16.    Denied.

## COUNT II – RETALIATION

17. FBS' answers and responses to paragraphs 1 – 7 are re-alleged and incorporated herein by reference.

18. Admitted.

19. Denied.

20. Denied.

21. Denied.

22. Denied

23. Denied.

Defendant denies that Plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE IVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted in that she has not provided a Right To Sue from the Equal Employment Opportunity Commission ("EEOC").

### SECOND AFFIRMATIVE DEFENSE

The Court does not have jurisdiction over a claim for sexual harassment under §760, Fla. Stat. because the Florida Commission on Human Relations found "no cause" to believe that Plaintiff suffered sexual harassment. Pursuant to Section 760.11(7), Fla. Stat. Plaintiff has no right to file a civil action.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were not caused by Defendant, but to the extent they may exist, are due in whole or part to the actions of Plaintiff, third parties or natural causes, such that Defendant has no liability or its share of liability should be reduced.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' emotional distress and alleged damages, if any, were pre-existing conditions and/or were the result of events not caused by or attributable to Defendant.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's right to recover any damages is barred in whole or in part by her failure to take reasonable steps to mitigate such damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

Defendant further alleges that it is entitled to a set off for any compensation or benefits paid or payable to Plaintiff for the period for which damages are claimed.

### SEVENTH AFFIRMATIVE DEFENSE

There is no evidence that Defendant acted with the intent necessary to justify an award of punitive damages.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant alternatively pleads that it exercises reasonable care to prevent and correct promptly any harassing or discriminatory behavior against its employees and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant.

### NINTH AFFIRMATIVE DEFENSE

Defendant has an express policy prohibiting illegal discrimination, harassment and retaliation. If any actions were taken by any employee of Defendant which violates any prohibition against illegal discrimination, harassment or retaliation, such actions were outside the scope of that individual's employment.

### TENTH AFFIRMATIVE DEFENSE

Alternatively, if there is a finding that an improper motive was considered in any decision made or action taken with respect to the Plaintiff, the same decision would have been made in the absence of the improper motive.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent any claim is being made beyond the time allowed under the applicable statute of limitations, Defendant asserts and does not waive any applicable statute of limitations, including, but not limited to, the statute of limitation under Title VII and/or §760 Fla. Stat.

### TWELFTH AFFIRMATIVE DEFENSE

To the extent any claim is being asserted which was not included within a valid Charge of Discrimination first timely filed with the Equal Employment Opportunity Commission ("EEOC") and/or the FCHR, Plaintiff is precluded from asserting such claims now.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant hereby notices its intention to seek its fees and costs under Rule 11 and §§760.11 and 57.105 Fla. Stat. In addition, some or all of Plaintiff's claims are frivolous and/or made without sufficient basis in fact or law.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to add additional affirmative defenses as the basis for same becomes known.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic delivery to **Marie A. Mattox, Esq.,** *counsel for Plaintiff,* Marie A. Mattox, P.A., 310 East Bradford Road, Tallahassee, Fl 32303, this 17th day of September, 2010.

/s/ Janet Goldberg McEnery
Janet Goldberg McEnery
Florida Bar No. 0960380
Macfarlane Ferguson & McMullen
201 N. Franklin St., Suite 2000
P.O. Box 1531 (Zip 33601)
Tampa, FL 33602
(813) 273-4307 - Direct
(813) 273-4200 – Main Phone
(813) 273-4396 – Fax
Email: jeg@macfar.com
Attorney for Defendant